397 P.2d 235

Ray O. BURGE, Petitioner,

v.

Thomas V. TIBOR, Lydia Doering, Vernafern Barnard, constituting the Recount Judges, Precinct #1, Power County, State of Idaho, and George L. England, H. C. Misenhimer, Homer Kress, constituting the Board of County Commissioners, Power County, State of Idaho, and Allan G. Shepard, Attorney General, State of Idaho, Respondents.

No. 9607.

Supreme Court of Idaho.
Dec. 4, 1964.

William J. Dee, Grangeville, for petitioner.

O. R. Baum, Ben Peterson and John B. Kugler, Pocatello, for respondents elections judges and county commissioners.

Allan G. Shepard, Atty. Gen., and M. Allyn Dingel, Jr., Boise, Asst. Atty. Gen., for respondent Allan G. Shepard.

TAYLOR, Justice.

This is an original proceeding brought by petitioner for a writ of mandate to compel the respondents, the recount judges in precinct No. 1 in Power county, the county commissioners of Power county, and the attorney general, to open and count the absentee ballots of two of the electors of that county and precinct.

On or about October 30, 1964, pursuant to application therefor, the auditor of Power county mailed absentee ballots with return envelopes to absentee electors Clara Duncan and Emelie Dormier, who received them on November 2, 1964. After marking them, the electors deposited the ballots in the mail on November 2, 1964, duly registered, for return to the county auditor. The auditor of Power county received the ballots on November 4, 1964, the day following the general election held November 3rd. The ballots were not opened or counted by the election judges.

In the election held November 3, 1964, petitioner was the candidate of the Democratic party for election to the legislature as senator from Power county, and one Vard Meadows was the candidate of the Republican party for the same office.

Following its canvass of the returns of the election, the board of county commissioners certified the vote of Power county, for the office of state senator, as 1032 for Vard Weadows, and 1030 for petitioner.

Petitioner thereafter instituted proceedings for a recount of the ballots in three of the precincts of that county, one of which was precinct No. 1, in which the aforementioned absentees were registered electors. The recount proceedings are now pending, and this proceeding was brought by petitioner for a writ of this court to compel the opening and counting of the ballots of said absentees in the recount.

The pertinent provisions of the applicable statutes are:

"On marking such ballot or ballots such absent or disabled or blind elector shall refold same as theretofore folded and shall inclose the same in said official envelope and seal said envelope securely and mail by registered or certified mail or deliver it in person to

the officer who issued same at least one (1) day before the date of such election. * * * " I.C. § 34–1105.

"On receipt of such absent or disabled or blind elector's ballot or ballots said officer receiving same shall forthwith enclose same, unopened, together with the application upon which such ballot or ballots were issued, in a carrier envelope endorsed with the name and official title of such officer and the words: 'Absent Voter's Ballot, to be opened only at the polls on election day while said polls are open.' He shall hold the same until the delivery of the official ballots to the judges of election of the precinct in which said elector resides and shall deliver said ballot or ballots to said judges with such official ballots, or in case said ballot or ballots are received by such officer after the delivery of the official ballots to such judges he shall forthwith, upon its receipt, inclose it in a carrier envelope as heretofore prescribed, addressed to the judges of such election precinct in their official capacity and mail the same, postage prepaid, to such judges of election or deliver or send the same by agent to such judges without, however, incurring any expense for such delivery to the county or municipality, as the case may be." I.C. § 34–1106.

"Between the opening and closing of the polls on such election day the judges of election of such precinct shall open the carrier envelope only, announce the absent or disabled voter's name, and compare the signature upon the application with the signature of the ballot envelope, and in case they find such signatures to correspond and the applicant to be a duly qualified elector of the precinct and that he has not theretofore voted at said election, they shall open the ballot envelope and remove the ballot or ballots without destroying the indorsement on the envelope, nor unfolding nor permitting the ballot or ballots to be unfolded, and having indorsed the ballot or ballots as other ballots are required to be indorsed shall deposit the same in the proper ballot box and cause the absent or disabled voter's name to be entered on the poll books the same as though he had been present and voted in person." I.C. § 34–1107.

Idaho Code § 34–1108 sets forth the grounds and proceedings for the rejection of defective absentee ballots.

"The vote of any absent or disabled or blind voter may be challenged for cause as though he were present and the judges of election shall have all the powers and authority given by law to hear and determine the legality of

:such absentee vote or ballot." I.C. § 34–1109.

■ Petitioner calls attention to the fact that I.C. § 34–1105, supra, was printed on the outside of the official envelopes furnished to the absentees by the auditor for the return of the ballots by registered mail, and urges that they correctly interpreted the statute to mean that if they registered and mailed the ballots the day before the election—which they did—they thereby complied with the terms of the statute. It is conceded that § 34–1105 is ambiguous as to the time an absentee ballot must be delivered to the auditor, in case delivery is made by registered or certified mail. In resolving such ambiguity this section must be construed in pari materia with §§ 34–1106, '07, '08, and '09.

■ When this is done it is evident that these sections of the statute require that absentee ballots be delivered to, and be opened by, the election judges prior to the close of the polls on the day of the election. Maddox v. Board of State Canvassers, 116 Mont. 217, 149 P.2d 112 (1944); Griffin v. Rausa, 2 Ill.2d 421, 118 N.E.2d 249 (1954).

■ The ballots here in question, not having been received by the county auditor until the day after the election, could not have been, and were not, delivered to the election judges before the close of the polls, while they, the election judges, were still clothed with the powers and duties of their offices as such judges.

■ The writ must therefore be denied. We are mindful of the provisions of art. 3, § 9, of our constitution, to wit:

"Each house when assembled shall choose its own officers; judge of the election, qualifications and returns of its own members, determine its own rules of proceeding, and sit upon its own adjournments; * * *." (See also, I.C. Title 34, Ch. 21.)

This provision makes each house of the legislature the sole judge of the election and qualification of its members. The candidates concerned in this proceeding being contestants for the office of state senator, the ultimate decision as to which shall be declared elected and seated, remains to be made by the state senate when assembled. Our decision herein is not binding upon that body. It may be considered, along with other pertinent data, for what weight or effect the senate may see fit to give it, in the final determination of the election of the senator for Power county, should a proceeding for that purpose be initiated in or by the state senate. 81 C.J.S. States § 34; 49 Am.Jur. States, § 34.

However, we are not here concerned with the election or qualification of either of the candidates. This is not an election contest or recount proceeding, nor a review of such. We are concerned only with the

narrow issue as to the authority and duty of this court to compel respondents to open and count two absentee ballots.

Writ denied and proceedings dismissed.

No costs allowed.

KNUDSON, C. J., and McQUADE, McFADDEN and SMITH, JJ., concur.